UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ESTATE OF FRANCES T. LITWIN and ROBERT C. LITWIN, individually and as Executor of the Estate of Frances T. Litwin,

Plaintiffs,

v.

EMERITUS CORPORATION, et al.,

Defendants.

Civil No. 14-5847 (NLH/KMW)

**OPINION**

**APPEARANCES:**

Saul G. Gruber, Esquire
Victoria A. Schall, Esquire
The Gruber Firm, LLC
100 Century Parkway, Suite 305
Mount Laurel, New Jersey 08054

*Attorneys for Plaintiffs*

Robert Wright, Esquire
White & Williams, LLP
The Legal Center, One Riverfront Plaza
1037 Raymond Boulevard
Suite 230
Newark, New Jersey 07102-5425

*and*

Jaime M. Merritt, Esquire
White & Williams, LLP
250 West 34th Street
Suite 4110
New York, New York 10119

*Attorneys for Defendants Emeritus Corporation, Emeritus Senior Living, Summerville Senior Living, Inc., Summerville At Voorhees, LLC d/b/a Emeritus at Voorhees, Emeritus at Voorhees, Summerville Management, LLC and HCP EMFIN Properties LLC*

**HILLMAN, District Judge**:

Presently before the Court is a motion [Doc. No. 14] to dismiss filed by Defendants Emeritus Senior Living (hereafter, "ESL"), Summerville Senior Living, Inc. (hereafter, "SSLI"), Emeritus at Voorhees (hereafter, "Voorhees"), and HCP EMFIN Properties LLC (hereafter "HCP") (collectively, "Defendants"). Defendants seek dismissal of the claims in the First Amended Complaint against ESL and Voorhees on the basis that these defendants are not corporate entities capable of being sued, as they are registered trade names for other corporate defendants already named this action. Defendants seek dismissal of the claims against SSLI and HCP pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiffs filed opposition to the motion.

The Court has considered the submissions of the parties and decides this matter pursuant to Fed. R. Civ. P. 78. For the reasons that follow, Defendants' motion to dismiss will be granted in part and denied in part.

## I. BACKGROUND

This case arises out of a fall purportedly sustained by Francis T. Litwin while she was a resident at Emeritus at Voorhees on or about May 22, 2013. (First Am. Compl. 8 ¶¶ 1, 4.) According to the First Amended Complaint, Litwin required assistance with mobility due to tremors and a frozen left shoulder. (Id. at 9 ¶ 8.) Plaintiffs allege that Litwin suffered an unwitnessed fall and was then admitted to Cooper Trauma Center with a diagnosis of subarachnoid hemorrhage, subdural hematoma, and an intravetricular hemorrhage. (Id. at ¶ 13.) Litwin died on June 4, 2013 due to the subarachnoid hemorrhage. (Id. at ¶ 14.) Plaintiffs assert claims for gross negligence (Count I), negligence per se (Count II), deviation of standard of care and gross neglect (Count III), negligent supervision and negligent hiring (Count IV), improper management (Count V), punitive damages (Count VI), resident rights violations (Count VII), fictitious individual/entity negligence (Count VIII), respondeat superior (Count IX), apparent authority (Count X), survival (Count XI), and wrongful death (Count XII).

Defendants Emeritus Corporation, Summerville at Voorhees, LLC d/b/a Emeritus at Voorhees, and Summerville Management, LLC dispute that they breached any applicable standard of care, but they concede that they are the only three defendants who have been properly joined in this action. (Mem. of Law in Supp. of

Mot. to Dismiss [Doc. No. 14-1] (hereafter, "Defs.' Br.") 2-3.) Defendants contend that the four moving defendants -- SSLI, Voorhees, ESL and HCP -- were not properly joined. Defendants argue that Voorhees is not a corporate entity but is rather a registered trade name for Defendant Summerville at Voorhees (Decl. of Michele Hughes (hereafter, "Hughes Decl.") ¶ 10); likewise, Defendants represent that ESL is not a corporate entity but is a national trademark and a registered trade name of Defendant Emeritus Corporation (id. ¶ 3.) Because they are not corporate entities, Voorhees and ESL contend that they are not capable of being sued, and they therefore seek dismissal of the claims against them for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Defs.' Br. 10.) Plaintiffs dispute that ESL and Voorhees are not companies, relying on the allegations in their complaint in support of such contention. (Pls.' Response to Mot. to Dismiss First Am. Compl. [Doc. No. 19] (hereafter, "Pls.' Opp. Br.") 5.)

With respect to Defendants SSLI and HCP, Defendants contend that these entities had no role in the management and/or operation of Emeritus at Voorhees (hereafter, the "Community"), the assisted living community where Litwin resided at the time of her fall. (Defs.' Br. 10.) According to Defendants, the

First Amended Complaint fails to make any specific allegations of wrongdoing against SSLI and HCP. (Id.) Defendants assert that HCP was only the third-party landowner of the real property where the Community is based, which had no role in the management or operation of the Community, and that there is no basis to hold the property lessor liable for the alleged wrongdoing of its lessee. (Defs.' Br. 7, 12.) Additionally, according to Defendants, there is no basis to hold HCP liable under an alter ego, agency or joint enterprise theory of liability. (Id. at 14.) Defendants also argue that SSLI was merely an owner/member of two of the defendant limited liability companies (hereafter, "LLCs"), and its mere membership in the LLCs is not a basis to confer liability based upon the acts of the LLCs. (Id. at 15-16.)

## II. JURISDICTION

Plaintiffs brought suit in the Superior Court of New Jersey, and the case was removed to this Court on the basis of diversity jurisdiction. Defendants' removal notice, however, did not sufficiently establish diversity jurisdiction, and the Court required Defendants to demonstrate that the Court may exercise subject matter jurisdiction over this matter. Defendants responded on December 11, 2014. Upon reviewing Defendants' response, the Court is satisfied that there is

complete diversity among the parties and that subject matter jurisdiction is appropriate under 28 U.S.C. § 1332.

## III. DISCUSSION

### A. Motion to Dismiss ESL and Voorhees as Defendants

Defendants move for dismissal of ESL and Voorhees under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). The Court finds that the proper rule to address Defendants' motion is Fed. R. Civ. P. 17(b), which governs who may sue or be sued. See, e.g., Brandl v. Ace USA, Civ. A. No. 10-03512, 2011 WL 129422, at *8 (E.D. Pa. Jan. 14, 2011)(granting motion to dismiss under Rule 17(b) because defendant was not a "person" subject to court's jurisdiction); Reid v. Kraft Gen. Foods, Inc., Civ. A. No. 93-5796, 1995 WL 262531, at *2 n.6 (E.D. Pa. Apr. 27, 1995) (granting motion to dismiss pursuant to Rule 17(b)); Soveral v. Franklin Trust, Civ. No. 90-2052, 1991 WL 160339, at *2 (D.N.J. Aug. 12, 1991) (dismissing claims against defendant under Rule 17(b) because it was not amenable to suit in New Jersey).

Fed. R. Civ. P. 17(b) provides as follows:

> Capacity to sue or be sued is determined as follows:
>
> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
>
> (2) for a corporation, by the law under which it was organized; and

(3) for all other parties, by the law of the state where the court is located . . . [.]

Fed. R. Civ. P. 17(b).

Here, ESL and Voorhees are neither individuals nor corporations. As noted above, Defendants have provided a declaration indicating that these entities are trade names.[1] Therefore, the Court evaluates the capacity of ESL and Voorhees to be sued pursuant to Fed. R. Civ. P. 17(b)(3), which requires consideration of New Jersey law to determine whether trade names can be sued.[2] In Zucker v. Silverstein, 134 N.J. Super. 39, 48, 338 A.2d 211 (N.J. Super. Ct. App. Civ. 1975), the Superior Court of New Jersey, Appellate Division, noted that "[i]t is axiomatic that an individual using a trade name does so for his personal convenience and motive, but that he personally remains liable for all debts incurred." The court further stated that "one using a trade name does not create a separate entity." Id.; see also State v. Marletta, No. A-4343-11T2, 2013 WL 1352036, at *1 n.1 (N.J. Super. Ct. App. Div. Apr. 25, 2013) ("In fact, it is not even clear whether Marletta's business was

[1] According to Black's Law Dictionary, a trade name is defined as "[a] name, style or symbol used to distinguish a company, partnership, or business; the name under which a business operates." Black's Law Dictionary 1724 (10th Ed. 2014).

[2] Defendants cite a number of cases from other jurisdictions that address whether a trade name has the capacity to be sued, but none of these cases apply New Jersey law.

a juridical entity or just a trade name.”); Arco Const. Group, Inc. v. Sinowest Fin. Servs., Civ. A. No. L-1955-09, 2011 WL 535828, at *5 (N.J. Super. Ct. App. Div. Feb. 17, 2011) (remanding because trial court failed to consider “whether Sinowest is the ‘same entity’ as CFC, either because it is merely a trade name or ‘alternate name’ of CFC, or for any other reason”). Accordingly, under New Jersey law a trade name is not a separate legal entity that can be subjected to suit.

The Court notes Plaintiffs’ argument that the First Amended Complaint alleges that ESL and Voorhees are companies, and that the Court must accept these allegations as true. (Pls.’ Opp. Br. 5, 6.) However, the Court does not decide this motion pursuant to Fed. R. Civ. P. 12(b)(6), and Plaintiffs cite no authority that would require the Court, in deciding a motion under Fed. R. Civ. P. 17, to accept as true the allegations in the complaint. Furthermore, the documents attached to the First Amended Complaint do not support the conclusion that ESL and Voorhees are corporate entities separate from other corporate defendants in this action.

In particular, to support their argument that Voorhees is not merely a trade name, Plaintiffs cite to records filed with the New Jersey Department of Health that purportedly demonstrate that Voorhees is a company that is capable of being sued. (Pls.’ Opp. Br. 7.) The cited records list “Emeritus at

Voorhees" as the "official name of facility," but the "owner/corporation name" is identified as "Summerville at Voorhees, LLC." (First Am. Compl., Exs. 6, 8.) Similarly, a printout submitted by Plaintiffs from the Division of Health Facility Evaluation and Licensing states that the licensed name of the facility is "Emeritus at Voorhees," but the owner is again identified as Summerville at Voorhees, LLC. (Pls.' Opp. Br., Ex. 1.) Based on these documents, it is clear that Summerville at Voorhees, LLC operates the facility under the name "Emeritus at Voorhees," and Voorhees is merely a tradename for Summerville at Voorhees, LLC. The documents produced by Plaintiffs are consistent with the representations made in the declaration submitted by Defendants.

With respect to ESL, Plaintiffs rely on the cover sheet of an admission packet which identifies "Emeritus Senior Living," and a document that states that "Emeritus Senior Living is pleased to participate in" a Medicaid waiver program. (Pls.' Opp. Br. 5.) A trade name is a name under which a business operates; therefore, while the documents produced by Plaintiffs may refer to ESL, they do not establish that it is a separate entity from Emeritus Corporation as opposed to merely the name under which Emeritus Corporation operates.

In light of the declaration submitted by Defendants and in the absence of evidence refuting the representations contained

in the declaration, the Court finds that ESL and Voorhees are trade names that lack any independent legal existence apart from Emeritus Corporation and Summerville at Voorhees, LLC. As such, they cannot be subjected to suit under Fed. R. Civ. P. 17(b)(3).

Additionally, the Court has considered whether the appropriate remedy in lieu of dismissal is substitution of the proper party as defendants, but Emeritus Corporation and Summerville at Voorhees, LLC are already named as defendants in this matter. The Court will therefore grant Defendants' motion to dismiss on the basis that ESL and Voorhees are nonsuable entities.

**B. Motion to Dismiss HCP and Summerville Senior Living, Inc. as Defendants**

Defendants move for dismissal of the claims against HCP and SSLI on the basis of failure to state a claim under Fed. R. Civ. P. 12(b)(6). In considering whether a plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b) (6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the

light most favorable to" the plaintiff). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]' ") (citation omitted). First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. 1937). Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679, 129 S. Ct. 1937).

"[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; see also

Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005).

Finally, a court in reviewing a Rule 12(b)(6) motion must consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of public record. Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d Cir. 2013). A court may also consider " 'undisputedly authentic documents if the complainant's claims are based upon these documents[.]'" Id. (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(d).

As noted above, Defendants seek dismissal of the claims against HCP because it was merely the lessor of the real

property upon which the Community is located and, as such, had no role in the management or operation of the Community. (Defs.' Br. 12.) Plaintiffs contend that the First Amended Complaint states a claim against HCP because it is alleged "that the property and premises were not maintained properly." (Pls.' Opp. Br. 10.) Plaintiffs further argue that the First Amended Complaint provides a basis to "pierce the corporate veil" because HCP was "a participant in perpetuating the scheme of understaffing believed to have occurred in this matter[.]" (Id. at 12.)

The only factual allegations against HCP in the First Amended Complaint are that it is the owner of the real property on which the Community is located, that it maintained control over the premises, and that it maintained a financial interest in the viability of the facility. However, the First Amended Complaint supports the conclusion that Litwin, who purportedly required assistance with mobility, fell because she was left unattended. (See First Am. Compl. 9 ¶¶ 8-12.) In fact, Plaintiffs make clear in their brief that their theory is that the Community was understaffed and that Litwin fell because she was unsupervised. (Pls.' Opp. Br. 12.) There is no allegation that Litwin fell because of an unsafe condition on the premises, nor are there any averments that HCP had any control over the lessee's operations. Plaintiffs' assertion that HCP played a

role in the understaffing "scheme" is entirely conclusory and devoid of factual support.

Although Plaintiffs amended Count I to add that Defendants "failed to maintain the property and premises of the facility" (First Am. Compl. 12 ¶ 9), this too is merely a conclusory allegation without any facts concerning how the property was not adequately maintained. Similarly, in Count II, Plaintiffs allege that "the facility failed to provide an environment where residents can live in a safe and clean condition" and that the building and grounds were not kept free from fire hazards and other hazards to residents' health and safety (Id. at 14 ¶ 3), but these conclusions also have no factual support.

In short, the First Amended Complaint alleges only that HCP is the landlord and had control over the premises, and there are no factual allegations leading to the conclusion that HCP had any role in the harm that occurred to Litwin. Consequently, the claims against HCP will be dismissed.[3]

[3] In so finding, the Court has not addressed which state's law governs the claims in this case. Defendants did not address choice of law principles in their motion to dismiss, and the Court declines to do so here. The Court finds only that the complaint is devoid of factual allegations of wrongdoing by HCP and, as such, fails to meet the pleading requirements of Fed. R. Civ. P. 8(a) and Twombly/Iqbal. The Court has considered whether to grant Plaintiffs another opportunity to amend their complaint. Except in civil rights cases, a court is not obligated to afford a plaintiff the opportunity to amend the

As to SSLI, Defendants contend that this entity is merely an owner/member of two other defendant LLCs and "has absolutely no management or operational role at the Community." (Defs.' Br. 15.) Defendants argue that mere membership in an LLC is an insufficient basis to confer liability upon a corporate entity. (Id.) Defendants also contend that Plaintiffs' theory of liability as to SSLI is based on the doctrine of piercing the corporate veil. (Id. at 16.) As noted by Plaintiffs, the First Amended Complaint alleges that SSLI was "involved in the daily operations and care of residents of Summerville at Voorhees and Emeritus at Voorhees[.]" (First Am. Compl. 4 ¶ 19.)

Contrary to Defendants' assertion, Plaintiffs' theory of liability against SSLI is not based only on its passive ownership interest in Summerville at Voorhees and Summerville Management. Rather, Plaintiffs' theory, as averred in the First Amended Complaint, is that SSLI is liable because it is involved in the day-to-day care of residents. While Defendants dispute this factual contention by submitting the Declaration of Michele

---

complaint, either sua sponte or following the dismissal of the complaint pursuant to a motion to dismiss. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Plaintiffs did not request leave of court to file an amended complaint and did not provide the Court with any basis to conclude that HCP played a role in the operations of the Community. Therefore, the Court will dismiss HCP as a defendant and will not provide Plaintiffs another opportunity to state their claims against this entity.

Hughes, such evidence is outside of the pleadings and may not be considered in deciding a motion under Fed. R. Civ. P. 12(b)(6). The Court must accept as true the allegation in the First Amended Complaint that SSLI had active involvement in the daily operations of the Community. Defendants do not argue that the claims against SSLI based upon its active involvement in the operation of the Community are subject to dismissal under Fed. R. Civ. P. 12(b)(6). Consequently, the motion to dismiss SSLI as a defendant will be denied.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion is granted insofar as Defendants seek dismissal of the claims against ESL and Voorhees, as these entities are not capable of being sued under Fed. R. Civ. P. 17(b). Defendants' motion is granted with respect to HCP, because the complaint fails to aver any facts to support HCP's involvement in the incident that gave rise to Litwin's injuries. Defendants' motion is denied insofar as Defendants seek dismissal of the claims against SSLI.

An Order consistent with this Opinion will be entered.

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Dated: June 5, 2015
At Camden, New Jersey