```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____

ESTATE OF FRANCES LITWIN, et al.,

              Plaintiffs,         Civil No. 14-5847 (NLH/KMW)
     v.
                                            OPINION
EMERITUS CORP., et al.,

              Defendants.
_____
```

**APPEARANCES:**

THE GRUBER LAW FIRM LLC
By: Saul G. Gruber, Esq.
100 Century Parkway, Suite 305
Mount Laurel, New Jersey 08054
          *Counsel for Plaintiffs*

WHITE AND WILLIAMS LLP
By: Rafael Vergara, Esq.
    Robert Wright, Esq.
    Jaime M. Merritt, Esq.
7 Times Square, Suite 2900
New York, New York 10036
          *Counsel for Defendants*

**HILLMAN, District Judge**

    This is a diversity[1] nursing home negligence suit. Presently before the Court is Defendants' unopposed Motion for Partial Summary Judgment as to Plaintiffs' claims for negligence per se

---

[1] The Court exercises diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties are completely diverse and the amount in controversy exceeds the statutory minimum.

(Count 2 of the Amended Complaint); punitive damages (Count 6); and violations of New Jersey regulations governing licensing of nursing home facilities (Count 7).

For the reasons stated herein, the motion will be granted, leaving only Plaintiffs' claims for "general negligence," survival action, and wrongful death to be tried by a jury.[2]

**I.**

The following facts of record are deemed undisputed pursuant to Fed. R. Civ. P. 56(e); L. Civ. R. 56.1(a); and *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1990)("a local rule [addressing unopposed motions for summary judgment] can and should be construed as effecting a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it.").

Plaintiff's decedent, Frances Litwin, was a resident of Emeritus at Voorhees nursing home when she suffered an unwitnessed fall in a common area of the facility. (Statement of Undisputed Facts, "SUF," ¶ 4; Answer to Interrogatory 1; Deposition of Robert Litwin, p. 80-81) Mrs. Litwin "smashed" her head, which caused "a subarachnoid hemorrhage, subdural hematoma, and an intraventricular

---

[2] Included with Defendants' motion papers is a signed "stipulation of dismissal" on behalf of all parties dismissing various other claims that would otherwise remain in this case at this time. (See Docket #56-4)

2

hemorrhage which caused her death on June 4, 2013." (Answer to Interrogatory 1)

At the time of the fall, Mrs. Litwin was 79 years old, and had been diagnosed with Parkinson's Disease, degenerative joint disease, macular degeneration, osteoporosis, glaucoma, and dementia, among other things. (Defs' Ex. 6) She walked with the assistance of a walker. (Robert Litwin Dep. p. 71) Mrs. Litwin had a history of falls at the nursing home, with records indicating that she had fallen, or had been "observed on the floor," several other times in the months prior to the fall giving rise to this suit. (Id.; Robert Litwin Dep. p. 70)

Plaintiffs contend that Defendants "fail[ed] to care, treat and supervise" Mrs. Litwin. (Answer to Interrogatory 2) Plaintiff Robert Litwin, Mrs. Litwin's son, testified at his deposition, "[w]hat made me think she didn't get reasonable care was that they told me specifically that there was no one supervising any of the residents in the common area when she fell and that she was on the floor from five minutes to a half an hour before someone noticed her." (Robert Litwin Dep. p. 85)

**II.**

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' . . .

3

demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)(citing *Anderson*, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); *see*

*also Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.")(citing *Celotex*, 477 U.S. at 325).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s.]'" *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001).  For "the non-moving party[ ] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Cooper v. Sniezek*, 418 F. App'x 56, 58 (3d Cir. 2011)(citing *Celotex*, 477 U.S. at 322).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 257.

**III.**

**A.**

Defendants argue that Plaintiffs' claim based on alleged violations of New Jersey regulations governing nursing homes, "N.J.A.C. 8:36 et seq." (Count 7)[3] must be dismissed because the regulations do not create a private right of action. The Court agrees.

As Defendants correctly cite, another Judge in this District has held that there is no private right of action under New Jersey law to enforce N.J.A.C. § 8:36-1.1 et seq. *See Watson v. Sunrise Senior Living Facility, Inc.*, 2015 U.S. Dist. LEXIS 93962 at *29-32 (D.N.J. July 17, 2015)(McNulty, D.J.). The undersigned agrees with Judge McNulty's reasoning and adopts it. *Cf. Estate of Anna Ruszala, ex rel. Mizerak v. Brookdale Living Communities, Inc.*, 415

---

[3] Count 7 cites violations of N.J.A.C. 8:36-4.1(a)(1), (2), (6), (16), (22) and (39)("Each assisted living provider will post and distribute a statement of resident rights for all residents of assisted living residences, comprehensive personal care homes, and assisted living programs. Each resident is entitled to the following rights: 1. The right to receive personalized services and care in accordance with the resident's individualized general service and/or health service plan; 2. The right to receive a level of care and services that addresses the resident's changing physical and psychosocial status; . . . 6. The right to privacy; . . . 16. The right to be free from physical and mental abuse and/or neglect; . . . 22. The right to live in safe and clean conditions in a facility that does not admit more residents than it can safely accommodate while providing services and care; . . . 39. The right to retain and exercise all the Constitutional, civil and legal rights to which the resident is entitled by law. The facility shall encourage and help each resident to exercise these rights").

N.J. Super. 272, 293 (App. Div. 2010)("N.J.S.A. 30:13-8 creates a private cause of action for damages for '[a]ny person or resident whose rights . . . are violated [under the Act] . . . against any person committing such violation.' N.J.S.A. 30:13-8(a)). Regulations promulgated under the Act create corresponding standards for assisted living residences, comprehensive personal care homes, or assisted living programs. N.J.A.C. 8:36-1.1 to -23.").[4]

Summary judgment will be granted to Defendants on Plaintiffs' claim for violation of N.J.A.C. 8:36-1.1 et seq.

**B.**

Next, Defendants argue that Plaintiffs' negligence per se claim (Count 2), based on the alleged violation of some of the regulations discussed above, as well as various other New Jersey administrative regulations, fails as a matter of law. The Court agrees.

"[V]iolation of [administrative] regulations without more does not constitute the basis for an independent or direct tort remedy.'" *Costa v. Gaccione*, 408 N.J. Super. 362, 372 (App. Div.

---

[4] To the extent that Plaintiffs previously asserted a separate cause of action under the relevant statute, it appears that the parties have stipulated to its dismissal. The signed stipulation of dismissal states, "the parties through their attorneys agree to the dismissal of the following: . . . Plaintiff's claims for violations of resident's rights under New Jersey law pertaining to nursing homes." (Docket #56-4)

7

2009)(quoting *Alloway v. Bradlees, Inc.*, 157 N.J. 221, 236 (1999)). Compliance with an applicable regulation does not preclude a finding of negligence; conversely, violation of an applicable regulation "does not establish negligence per se." *Id.; see generally Cruz v. Atco Raceway, Inc.,* 2015 U.S. Dist. LEXIS 85524 at *12 n.6 (D.N.J. July 1, 2015)("under New Jersey law, violations of administrative regulations are relevant evidence of negligent conduct, not proof of negligence per se.")(citing *Frugis v. Bracigliano,* 177 N.J. 250, 271 (2003)); *see also Alloway,* 157 N.J. at 236 ("OSHA regulations are pertinent in determining the nature and extent of any duty of care. We find applicable in the circumstances of this case the well-established principle that the violation of a legislated standard of conduct may be regarded as evidence of negligence if the plaintiff was a member of the class for whose benefit the standard was established.").[5]

The Court holds that Plaintiffs' negligence per se claim based on asserted violations of New Jersey regulations fails as a matter of law. Defendants' Motion for Summary Judgment will be granted as to this claim.

### C.

---

[5] The Court makes no evidentiary ruling at this time whether any asserted violation of New Jersey statute or regulation would be admissible to prove Defendants' asserted negligence. This issue may be raised, if necessary, in a future motion in limine.

Lastly, Defendants move for summary judgment on Plaintiffs' claim for punitive damages, asserting that Plaintiffs have insufficient evidence of conduct that would support an award of punitive damages.

Plaintiffs have the burden of proof on this issue. N.J.S.A. § 2A:15-5.12. As stated above, Plaintiffs have filed no opposition to the instant Motion for Summary Judgment, therefore, of course, they have come forward with no evidence supporting their claim for punitive damages. Accordingly, Defendants are entitled to summary judgment on this issue.

**IV.**

For the reasons stated above, the Motion for Partial Summary Judgment will be granted. An appropriate order accompanies this opinion.

Dated: July 12, 2017　　　　　　　　　　　___s/ Noel L. Hillman___
At Camden, New Jersey　　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.